FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

99 NOV 10 PM 3: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARIE BISHOP, | ) |
| Plaintiff, | ) |
| vs. | ) CV-99-PT-308-NW |
| UNITED INSURANCE COMPANY OF AMERICA, et al. | ) |
| Defendants. | ) |

ENTERED
NOV 10 1999

### MEMORANDUM OPINION

This cause comes to be heard on Defendant United Insurance Company of America's Objection to Magistrate Judge's Order on Plaintiff's Motion to Remand filed on September 14, 1999.

### BACKGROUND

Plaintiff Marie Bishop ("Bishop" or "plaintiff") brought this action against United Insurance Company of America ("United" or "defendant") and Diane Flake ("Flake") on June 15, 1998, in the Circuit Court of Colbert County, Alabama seeking damages on claims for fraud, breach of contract, and bad faith. Plaintiff's claims arise out of her purchase of certain individual supplemental hospital expense and surgical expense policies in 1991.

1

Plaintiff was deposed on January 7, 1999. United alleges that certain testimony in that deposition reveals that the plaintiff fraudulently joined Flake as a defendant in this action. Based on this, United filed a Notice of Removal on February 10, 1999, which Flake subsequently joined on February 12, 1999, claiming that this court has diversity jurisdiction.

Plaintiff filed two consecutive Motions to Remand on March 12 and 15, 1999, arguing that all defendants did not join in the removal within the thirty day period allowed under 28 U.S.C. § 1446(a) and that Flake was properly joined. On August 30, 1999, Chief Magistrate Judge T. Michael Putnam granted plaintiff's motions. United timely objected to the order.[1]

## DISCUSSION

### A. Standard of Review

Federal Rules of Civil Procedure Rule 72 governs pretrial orders of magistrate judges. Orders which deal with non-dispositive matters are reviewed under a clearly erroneous or contrary to law standard. Fed.R.Civ.P. 72(a). Orders which deal with dispositive matters are reviewed under a de novo standard. Fed.R.Civ.P. 72(b). Dispositive matters are defined in 28 U.S.C.

---

[1] Flake did not object to the order or join in United's objection.

§ 636(b)(1). That section does not include remand motions and a majority of courts have concluded that motions to remand are nondispositive. See, e.g., Bethay v. Ford Motor Company, Slip Copy, 1999 WL 496488, at *1 (E.D. La. July 13, 1999); Donato v. Rhode Island Hosp. Trust Nat'l Bank, 52 F. Supp.2d 317, 323 (D.R.I. 1999); Regents of the Univ. of Minn. V. Glaxo Wellcome, Inc., 58 F. Supp.2d 1036, 1037 (D. Minn. 1999); Maui Land & Pineapple Co. v. Occidental Chemical Corp., 24 F. Supp.2d 1079, 1080 (D. Haw. 1998). But see Turnamics, Inc. v. Advanced Envirotech Systems, Inc., 54 F. Supp.2d 581, 582 (W.D.N.C. 1999) (de novo review conducted of magistrate judge's Memorandum and Recommendation of plaintiff's motion to remand without discussion). This court agrees and thus subjects the magistrate judge's order to a clearly erroneous or contrary to law standard of review.[2]

### B. Diversity Jurisdiction, the Law of Remand, and Fraudulent Joinder

Defendant argues that the magistrate judge incorrectly concluded that plaintiff did not fraudulently joined Flake as he determined that there may be some theoretical set of facts which

---

[2] This court would reach the same result under a de novo standard of review.

establish a viable claim against her. Defendant urges this court to conclude that the magistrate judge erred because the plaintiff cannot prevail against Flake on a claim of fraudulent suppression. Defendant largely bases this claim upon the following deposition testimony of Marie Bishop:

    Q. Did you ever buy any insurance from Diane Flake?

    A. I don't - I don't know.

    Q. If you did, you don't remember it?

    A. I've got a what we call a fire policy on content of our - and I don't have no idea. I don't know.

    Q. You have no idea what?

    A. I don't remember if she sold the policy to me or not.

    Q. All right. Did you ever purchase any health insurance policies from Diane Flake?

    A. I don't know that either. I don't recall.

    Q. If you did, you don't remember it?

    A. I don't remember.

***

    Q. What did Diane Flake do wrong.

    A. She collected the premiums. When I got paid, I don't know if it was on the first claim that I filed, but I'll say the first claim that I filed, the checks weren't consistent. I asked her why they weren't consistent. And she says, well, I don't know, but I'll find out. And each time she came to collect my premiums, I would say, did you find out anything? And she would say, no, I haven't found out

4

>   anything. I'll let you know. And then after a long, long time she finally told me. She said - I said, Diane, why are they not paying the same? Tell me why they're not paying the same. And she says, the best thing for you to do is just drop it. That's the way it's going to pay, and there's nothing you can do about it. And just drop it. And I said - told her, I said, I don't want to drop it. (Pause.) I had trouble getting paperwork from the doctors to turn on my claims. A couple of times Diane was nice to go by the doctor's office and get the claims for me. And she would turn them in.

Marie Bishop deposition, at 41-42; 46-47.

Plaintiff asserts that the relevant inquiry here is not whether plaintiff would prevail in her claim against Flake, but whether plaintiff can make out a cognizable claim against Flake. Plaintiff asserts that she can make out a claim against Flake as Flake was at all relevant times an insurance agent employed by United and was involved in collecting payments for the policies purchased by Marie Bishop and her husband. Plaintiff avers that the deposition testimony quoted by defendant supports her position by demonstrating the considerable involvement Flake had with plaintiff and referring to the statements upon which plaintiff relied.

"A defendant is permitted to remove a case to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based upon federal question or diversity. A federal court has

5

diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332." Order, p. 2.

In removal cases alleging fraudulent joinder, the removing party has the burden of proving one of three situations. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). First, the diverse defendant may prove that there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, the diverse defendant may prove that the plaintiff has fraudulently pled jurisdictional facts to bring the non-diverse defendant into state court. See id. Third, the diverse defendant may prove that the non-diverse defendant has no joint, several or alternative liability and that the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. See Triggs, 154 F.3d at 1287, citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). "The burden on the removing party is a 'heavy one'." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997), quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

In making its determination as to whether the case should be

remanded, the court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. These determinations may be made by looking to the plaintiff's pleadings at the time of removal, as well as affidavits and deposition transcripts submitted by the parties. Id.; see also Cabalceta, 883 F.2d at 1561.

In this case, defendant argues the first fraudulent situation identified above, i.e. that there is no possibility that plaintiff can establish a cause of action against Flake. In its brief, defendant consistently asserts that plaintiff has discovered no facts which would subject Flake to liability and that plaintiff cannot prevail on her claim against Flake.

> "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker, 709 F.2d at 1440-41.... The plaintiff need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

Triggs, 154 F.3d at 1287. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state

7

law." Crowe, 113 F.3d at 1538, citing B, Inc., 663 F.2d at 549.

Under Alabama law, the elements of fraudulent suppression are (1) a duty of the defendant to disclose an existing material fact; (2) actual knowledge of the fact and its materiality by the defendant; (3) defendant's suppression of that fact; (4) that the plaintiff's lack of knowledge of that fact induced them to act or not act; and (5) actual damage as a proximate result of the suppression. Life Ins. Co. of Georgia v. Parker, 706 So.2d 1108, 1112 (Ala. 1997); State Farm Fire & Casualty Co. v. Slade, Slip Copy, 1999 WL 667291, at *31 (Ala. Aug. 27, 1999).

In her complaint, plaintiff alleges:

> ...defendants have been guilty of fraud, misrepresentation, deceit and fraudulent inducement in the sale of the policy made the basis of this suit. Defendants falsely represented to plaintiff that claims would receive full payment of benefits under each policy and plaintiff relied upon that representation in purchasing this policy. Defendants have engaged in scheme to pay less than those benefits represented and have done so on plaintiff's claims. As a proximate consequence thereof, the plaintiff has been caused to suffer economic loss of premiums paid, factions of claims paid and mental anguish.

Complaint at ¶ 2. In her deposition testimony, included above, plaintiff states that she spoke numerous times with Flake, that Flake collected her premiums, that she asked Flake about the inconsistencies in the payments on claims filed, and that Flake

8

told her that she would find out about the inconsistencies, but ultimately told plaintiff to "drop it."

Regarding the facts and law in the light most favorable to the plaintiff, it is feasible that plaintiff could discover that Flake possessed knowledge regarding United's reason(s) for not paying benefits in accordance with plaintiff's expectations and that Flake withheld this information from the plaintiff. The evidence before this court may not foreclose the possibility that the plaintiff could show that Flake had a duty to disclose an existing material fact, that Flake had knowledge of and suppressed that fact, that Flake's suppression of that fact induced plaintiff to refrain from acting, and that plaintiff suffered actual damage as a proximate result. The court, does not, however, reach a decision on this issue.

### C. Timeliness of Motion to Remand

Defendant argues that the Magistrate Judge incorrectly concluded that its Notice of Removal in this case was untimely filed. Defendant bases this argument on the fact that it received notice for filing removal when it received the deposition transcript of Bishop. Plaintiff contends that defendant untimely filed its Notice of Removal, as discussed by the magistrate judge, because it received notice of the

possibility of filing for removal when it took the deposition of Bishop.

The procedure for removing cases which are not removable at the outset of the case, but later become removable, is governed by 28 U.S.C. § 1446(b), which states in pertinent part:

> ...If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

Defendant asserts that because the statute requires "other paper" for removal purposes, the deposition transcript, not the actual deposition, may trigger the thirty day period in which to file a notice of removal. In support of its contention, defendant relies primarily on a number of Fifth Circuit and district court cases which hold that under § 1446(b), the trigger must be in writing. See, e.g., <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489 (5th Cir. 1996) (deposition transcript constitutes "other paper"); <u>Delaney v. Viking Freight, Inc.</u>, 41 F. Supp.2d 672 (E.D. Tex. 1999) (same).

However, a majority of courts have held that the taking of the informative deposition triggers the thirty day period in which to file a notice of removal, not receiving the deposition

10

transcript. See, e.g., <u>Brooks v. Solomon Co.</u>, 542 F. Supp. 1229 (N.D. Ala. 1982); <u>Fuqua v. Gulf, Colorado and Santa Fe Railway Co.</u>, 206 F. Supp. 814, 816 (E.D. Okla. 1962); <u>Riggs v. Continental Baking Co.</u>, 678 F. Supp. 236, 238 (N.D. Cal. 1988); <u>Huffman v. Saul Holdings Ltd. Ptnr.</u>, __ F.3d __, 1999 WL 791587, at *4-5 (10th Cir. Oct. 5, 1999); <u>Effinger v. Philip Morris, Inc.</u>, 984 F. Supp. 1043, 1047 (W.D. Ky. 1997); <u>Haber v. Chrysler Corp.</u>, 958 F. Supp. 321, 326 (E.D. Mich. 1997); <u>Smith v. International Harvester Co.</u>, 621 F. Supp. 1005, 1008 (D. Nev. 1985); <u>Gilardi v. Atchison, Topeka and Santa Fe Railway Co.</u>, 189 F. Supp. 82, 84 (N.D. Ill. 1960). These courts have reasoned that because a deposition is discovery, because the defendant acquired notice of the removable nature of the case at the deposition, and because receiving notice via the deposition is out of the defendant's control (unlike receiving notice via the deposition transcript which is within the defendant's control), that depositions qualify as "other paper" under § 1446(b). As related in <u>Brooks</u>, this Court agrees with the majority opinion on this issue.[3]

---

[3] The Supreme Court recently held that the 30-day removal period begins to run not when a defendant receives an informal faxed, file-stamped copy of a complaint, but when the defendant is formally served via certified mail. <u>Murphy Brothers, Inc. v.</u>

This Court is not entirely satisfied that defendants did not have to remove within thirty days after "receipt by the defendant[s] through service...of a copy of the initial pleading." 28 U.S.C. § 1446. The defendants apparently had access to the statement of the non-diverse party who, presumably, knew as much about the contact(s) with plaintiff as did the plaintiff. In any event, 28 U.S.C. § 1446(b) states, as an alternative:

> ...If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

The Court notes that the transcript of the deposition was not a paper from "which it may be <u>first ascertained</u>." The facts had in any event already been ascertained. "It" had already been ascertained at the deposition. Further, it <u>may</u> have been "first ascertained" before the taking of the deposition. Thus, defendants' Notice of Removal was untimely as plaintiff's

---

Michetti Pipe Stringing, Inc., __ U.S. __, 119 S.Ct. 1322, 143 L.Ed. 448 (1999). The reasoning behind the Court's ruling has no effect on this opinion as a deposition is a formal proceeding where all parties have notice of its occurrence and a court reporter is present, thus satisfying the formality requirement.

12

deposition was taken on January, 7, 1999 and the defendants filed their Notice of Removal on February 10, 1999, over thirty days after the date of the deposition.

This 10th day of November, 1999.

/s/ Robert B. Propst
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE